# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDDY LOPEZ, <br><br> Plaintiff, <br><br> v. <br><br> ALLURE GENERAL CONTRACTING, et al., <br><br> Defendants. | Civil Action No. 21-08149 <br><br> **OPINION AND ORDER** <br><br> June 28, 2024 |

**SEMPER**, District Judge.

**IT APPEARING THAT:**

1. Currently pending before the Court is Freddy Lopez's ("Plaintiff") unopposed motion pursuant to Rule 55 of the Federal Rules of Civil Procedure for the entry of default judgment against one of five defendants: Defendant Skyreach Construction Inc. ("Skyreach"). (ECF 84.) Plaintiff additionally names Allure General Contracting, Bayonne Muslims Abdul Hameed, Mohammed Asim Khan, and USA General Contractors Corp. ("Non-Default Defendants") as defendants in this action. (ECF 52, "TAC.")

2. Plaintiff alleges that he fell and was injured while performing construction work at his job site. (*Id.* ¶ 36.) Plaintiff further alleges that Skyreach directed his work and failed to provide him with proper safety equipment, safety gear, and a safe workplace. (*Id.* ¶¶ 74-76.) Plaintiff asserted a claim for negligence against all defendants, including Skyreach. (*Id.* ¶¶ 73-76.)

3. Plaintiff now moves for the entry of default judgment against Skyreach, submitting that his damages are continuing and should be within the province of a jury to determine. (ECF 84-7 at 7.)

4. The decision to either enter a default judgment or refuse to enter such judgment rests in the Court's discretion. *See Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

5. It appears that Plaintiff intends to continue to prosecute this action against the non-default defendants. Plaintiff has not stated an intention to withdraw his claims against the non-default defendants. Thus, a judgment entered against Skyreach at this juncture would not end this dispute, thereby giving rise to piecemeal litigation, the possibility of excess recovery, and the danger of logically inconsistent determinations.

6. Furthermore, Skyreach might be prejudiced in its defense to the extent that its liability may be derivative of the Court's determination concerning the non-default defendants. *See Ramada Worldwide Inc. v. VNM Foothills TIC, LLC*, No. 15-4078, 2016 WL 1162750, at *1-2 (D.N.J. Mar. 23, 206) (denying the entry of a default judgment against the first defendant until the entire action was resolved, because the first defendant and several additional defendants were jointly and severally liable, and it would be incongruous to enter judgment as to the first defendant while permitting the action to proceed on the merits against the additional defendants).

7. Because the relief as to the claim asserted against all the Defendants should be consistent, the Court declines to exercise its discretion to grant judgment in Plaintiff's favor against Skyreach while the claims against the non-default defendants remain viable. *See Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *2 (D.N.J. Jan. 5, 2016) (denying plaintiff's motion pursuant to Rule 55 for entry of judgment against only one

of two defendants, because "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on the merits against non-defaulting defendants") (quoting *Animal Sci. Prods. Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008)).

8. Therefore, the Court administratively terminates the plaintiff's motion, but does so without prejudice to Plaintiff to seek one complete judgment when appropriate, i.e., when the non-default defendants' liability has been ascertained, or when Plaintiff's claim against the non-default defendants has been settled.

**IT IS THEREFORE** on this 28th day of June, 2024, **ORDERED** that Plaintiff's motion for the entry of default judgment against defendant Skyreach (ECF 84) is administratively terminated without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to move for the entry of one complete judgment when all the pending claims in this action have been resolved.

**SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: José R. Almonte, U.S.M.J.
     Parties